```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


PAMELA THOMAS                         :     CIVIL ACTION
                                      :
         v.                           :
                                      :
THE PRUDENTIAL INSURANCE COMPANY      :
OF AMERICA                            :     NO. 14-2774
```

MEMORANDUM

Bartle, J.                                          September 17, 2014

      Plaintiff Pamela Thomas brings this action to recover long-term disability benefits under an insurance policy issued by defendant, The Prudential Insurance Company of America ("Prudential"), as part of an employee benefit plan established pursuant to the Employee Retirement Income Security Act("ERISA"), 29 U.S.C. §§ 1132(a), (e)(1), and (f).  According to the complaint, Prudential has denied her the benefits to which she is entitled, and Thomas has now exhausted all her administrative remedies.

      Before the court is the motion of Prudential to transfer this action either to the United States District Court for the District of New Jersey or to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. §1404(a) "[f]or the convenience of the parties and witnesses, in the interest of justice."

> Section 502(e)(2) of ERISA provides:
>
> Where an action under this title is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. . . .

29 U.S.C. § 1132(e)(2).  There is no doubt that Prudential is found in this district and thus venue is proper here.

The salient facts relevant to Prudential's motion to transfer are simply stated.  Plaintiff is a resident of Chesapeake, Virginia and worked in that state for FDGM, Inc., the Plan sponsor and administrator.  Prudential is incorporated in New Jersey and headquartered in the city of Newark in that state.  Prudential concedes it has a post office box in Philadelphia in this district.  Indeed, the letter from a Prudential Appeals Specialist, which denied plaintiff's benefits, was sent from Philadelphia.[1]

This action is in effect an administrative appeal and thus will be decided on the administrative record.  As counsel conceded in a phone conference with this court, there will not be any discovery except on the issue of whether Prudential had a conflict of interest.  This narrow discovery will be accomplished by a few requests for admissions and possibly a

---

1.  While Prudential does not say so in its papers, the court takes judicial notice that this large insurance company has a greater presence in this district than simply a post office box.

deposition under Rule 30(b) of the Federal Rules of Civil Procedure.  Defendant's counsel stated that any witness to be deposed is probably in New Jersey.  Plaintiff's counsel noted that in similar cases it has been his practice to take the deposition telephonically.  The plaintiff will not be deposed or be called as a witness.

The seminal case from our Court of Appeals on change of venue is Jumara v. State Farm Insurance Co., 55 F.3d 873 (3d Cir. 1995).  Jumara holds that the district court must consider a variety of public and private interests in determining where "the litigation would more conveniently proceed and the interests of justice be better served."  Id. at 879.

Among the private concerns to be considered are the forum preferences of the plaintiff and defendant, the place where the claim arose, and the convenience of the parties "indicated by their relative physical and financial condition."  Id.  The convenience of the witnesses and the location of books and records are also factors to be considered.  Id.

In this federal question case, the public factors include:  enforceability of the judgment; practical considerations concerning ease, expedition and expense of a trial; court congestion; local interest in having local controversies decided locally; and public policies of the fora.  See id.

As the Supreme Court stated in Piper Aircraft v. Reyno, 454 U.S. 235, 255-56 (1981), "there is ordinarily a strong presumption in favor of a plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." The Court of Appeals in Jumara explained that the burden of overcoming this presumption is on the party seeking a transfer of the action and that "the plaintiff's choice of venue should not be lightly disturbed."  55 F.3d at 879.  Nonetheless, when the plaintiff does not reside in the district and none of the operative facts occurred there, the plaintiff's choice is given less weight.  Cable v. Allied Interstate, Inc., No. 12-90, 2012 WL 1671350, at *3 (E.D. Pa. May 11, 2012).

The plaintiff has chosen the Eastern District of Pennsylvania to litigate this matter.  At least one operative fact occurred in this forum.  Unlike many cases, this action will have very limited discovery.  Basically, it will be decided on the administrative record.  Thus, the convenience of witnesses and the location of records is of little, if any, relevance.  The inconvenience to Prudential, a large insurance company, in having this action pending in Philadelphia, an easy train ride from Newark, is minimal.  Only one witness, a Prudential employee, is likely to be deposed and that deposition will probably take place by phone.  The need for a Prudential

representative to travel to this forum is unlikely except possibly for a settlement conference.  Travelling to the Eastern District of Virginia, a transferee location suggested by Prudential, would be more onerous for Prudential than travelling here.  We also note that having an action of this kind filed in the Eastern District of Pennsylvania was clearly foreseen by Prudential since the letter denying benefits was sent from Philadelphia.

Factors such as enforceability of judgments and public policies play no role here.  In addition, this action under ERISA is not a local controversy that weighs in favor of one district over another.  Court congestion in this forum is not a factor favoring transfer.  This district has adopted an individual calendar system.  The undersigned has no backlog of cases and will see to it that this action moves expeditiously.  Finally, the expense in adjudicating the case here versus the other suggested districts does not seem to be of any significant consequence.

The court concludes that the plaintiff's choice of forum should not be disturbed.  Prudential has not met its burden for transfer of this action under 28 U.S.C. § 1404(a) either to the Eastern District of Virginia or to the District of New Jersey.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAMELA THOMAS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | : | NO. 14-2774 |

<u>ORDER</u>

AND NOW, this 17th day of September, 2014, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the motion of defendant The Prudential Insurance Company of America to transfer this action under 28 U.S.C. § 1404(a) either to the United States District Court for the Eastern District of Virginia or to the United States District Court for the District of New Jersey is DENIED.

BY THE COURT:

/s/ Harvey Bartle III_____
J.